**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case Nos.  CR-02-110-M; CR-02-165-M |
| ) | (CIV-05-1385-M) |
| WALTER JACK CHILDERS, ) | |
| ) | |
| Defendant-Movant. ) | |

**<u>ORDER</u>**

Defendant-Movant Walter Jack Childers ("Childers"), a federal prisoner, filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" and a memorandum in support on November 28, 2005.  On January 12, 2006, plaintiff-respondent United States of America filed its response.

I.  <u>Background</u>

On June 19, 2002, a grand jury charged Childers in a four-count Indictment in Case No. CR-02-110-M ("the child pornography case").  The first three counts charged Childers with violating 18 U.S.C. § 2251(a) by using a child under the age of eighteen to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct using materials that had been transported in interstate commerce.  Count Four charged Childers with violating 18 U.S.C. § 2252(a)(4)(B) by possessing a videotape produced by using a minor engaged in sexually explicit conduct with Childers and containing visual depictions of that conduct with materials that had been transported in interstate commerce.

Childers filed a motion to suppress evidence obtained from two search warrants.  On August 6, 2002, the district court denied Childers' motion to suppress.  On August 30, 2002, Childers entered a conditional guilty plea to all counts in the Indictment, reserving his right to appeal the

denial of his motion to suppress and his right to appeal his sentence.[1] On May 2, 2003, the district court dismissed without prejudice the first three counts of the Indictment on *ex post facto* grounds.

While awaiting sentencing in the child pornography case, Childers was indicted in Case No. CR-02-165-M on two counts of social security fraud ("the social security fraud case").[2] On November 7, 2002, pursuant to a plea agreement, Childers pled guilty to one count of the Indictment, a violation of 42 U.S.C. § 1383(a)(2) for knowingly and willfully making a false statement and representation of a material fact for use in determining his rights to Supplemental Security Income payments under the Social Security Act.

On August 7, 2003, the district court held the sentencing for both the child pornography case and the social security fraud case. In the child pornography case, Childers was sentenced to the statutory maximum of five years' imprisonment and to three years' supervised release. In the social security fraud case, Childers was sentenced to five years' imprisonment to run consecutively to the child pornography sentence and to three years' supervised release to run concurrently with the supervised release term in the child pornography case and was ordered to pay restitution in the amount of $33,534.70 to the Social Security Administration.

Childers appealed the district court's denial of his motion to suppress in the child pornography case. In an unpublished opinion issued September 10, 2004, the Tenth Circuit affirmed the denial of the motion to suppress. *United States v. Childers*, 117 Fed. Appx. 633, 2004 WL 2011483 (10th Cir. Sept. 10, 2004). Childers timely filed a Petition for Writ of Certiorari. On

---

[1] No written plea agreement was entered.

[2] The child pornography case and the social security fraud case were never consolidated and proceeded as two separate and distinct cases.

January 18, 2005, the United States Supreme Court denied Childers' petition. *Childers v. United States*, 543 U.S. 1095 (2005).

II.   Discussion

Childers now moves to vacate, set aside, or correct his convictions and sentences in both the social security fraud case and the child pornography case. In relation to the social security fraud case, Childers asserts the following grounds in support of his § 2255 motion: (1) he received ineffective assistance of counsel during sentencing; (2) his plea agreement is invalid and ineffective based on his waiver of appellate rights; and (3) the restitution award was improperly based on relevant conduct in violation of the Sixth Amendment. In relation to the child pornography case, Childers asserts the following grounds in support of his § 2255 motion: (1) he received ineffective assistance of counsel; (2) his plea was not entered voluntarily, intelligently, and knowingly; (3) the statute under which he was charged and convicted is unconstitutional as applied to his case; and (4) the government used tainted testimony to help prove its case.

A.   Social security fraud case

The government asserts Childers' motion in relation to the social security fraud case is time-barred and should be dismissed. The Antiterrorism and Effective Death Penalty Act, which became effective on April 24, 1996, amended 28 U.S.C. § 2255 to prevent prisoners from filing § 2255 motions more than one year after their convictions became final. Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the

3

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.[3]

The district court entered judgment on August 7, 2003 in the social security fraud case. Childers erroneously filed his initial appeal from the denial of the motion to suppress in the social security fraud case rather than in the child pornography case; that appeal was dismissed on November 14, 2003. Thus, his conviction and sentence became final in the social security fraud case on November 14, 2003. Accordingly, the one-year limitation period expired on November 14, 2004. Childers filed the instant § 2255 motion over one year after the one-year limitation period expired.

The Court, therefore, finds that Childers' § 2255 motion as to the social security fraud case is time-barred and should be dismissed.

B.  Child pornography case

1.  Ground one

To prevail on a claim of ineffective assistance of counsel, Childers must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that,

---

[3]Childers does not assert that either subsection (2), (3), or (4) apply in this case.

4

> but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Childers bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Id.* at 690. Conclusory allegations of ineffective representation are insufficient. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Childers asserts three bases for his claim of ineffective assistance of counsel: (1) delay in moving to dismiss the first three counts of the Indictment on *ex post facto* grounds; (2) failure to object to certain testimony and argument at sentencing, and (3) failure to keep him advised regarding the progress of his appeal.

### a. Delay in moving to dismiss

Having carefully reviewed the parties' submissions and the court file in this matter, the Court finds that Childers has failed to demonstrate that there is a reasonable probability that, but for counsel's errors – the delay in moving to dismiss the first three counts of the Indictment on *ex post facto* grounds – the outcome of the proceedings would have been different. In fact, the Court finds that the outcome of the proceedings is exactly the same – the dismissal of the first three counts of the Indictment – the only difference is the timing of the dismissal. Accordingly, the Court finds that Childers' counsel was not ineffective based upon her delay in moving to dismiss the first three

counts of the Indictment.

        b.  <u>Failure to object to certain testimony and argument at sentencing</u>

Having carefully reviewed the parties' submissions, the court file, and the sentencing transcript, the Court finds Childers' counsel's performance was not constitutionally deficient and was within an objective standard of reasonableness. Childers' counsel presented a number of objections to the Presentence Report. At the sentencing hearing, Childers' counsel thoroughly cross-examined the government's witness and presented argument regarding the objections. The Court, accordingly, finds that Childers' counsel was not ineffective for failing to object to the testimony and argument at sentencing referenced by Childers in his § 2255 motion.

        c.  <u>Failure to advise Childers regarding the progress of his appeal</u>

Childers asserts that his counsel was ineffective based upon her failure to provide him copies of the government's response brief and her failure to advise him that his appeal had been denied. Having reviewed the parties' submissions, the Court finds that Childers has failed to demonstrate that he suffered any prejudice from this alleged failure. Accordingly, the Court finds that Childers' counsel was not ineffective for failing to advise him regarding the progress of his appeal.

    2.  <u>Grounds two and three</u>

The government asserts that because Childers did not raise grounds two and three in his direct appeal, these grounds for relief are procedurally barred. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotations and citations omitted). "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can

show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* at 378. "If the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *Id.*

The "cause and prejudice" standard requires a defendant to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Cause may be established by showing that the factual or legal basis for a claim was not reasonably available to the defendant at the time, that interference by governmental officials made compliance impracticable, or that counsel was constitutionally ineffective. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A "fundamental miscarriage of justice" means that the defendant is actually innocent of the offense. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

On his appeal to the Tenth Circuit, Childers did not raise the issues of the validity of his plea or the constitutionality of the statute under which he was charged and convicted. Having carefully reviewed the parties' submissions, the Court finds that Childers has not shown cause for his procedural default and actual prejudice resulting from the alleged errors and has not shown that a fundamental miscarriage of justice will result if these grounds are not addressed. In fact, Childers has not set forth any argument regarding why grounds two and three are not procedurally barred. Accordingly, the Court finds that grounds two and three are procedurally barred.

    3.    <u>Ground four</u>

Childers asserts that the government improperly used the tainted testimony of Charlie Thigpen, a United States postal inspector, to obtain the search warrants in this case. Specifically,

Childers asserts that because Inspector Thigpen had told a number of different accounts as to how he discovered the videotape containing the pornography, his testimony should not have been relied upon to obtain the search warrant. Childers raised this issue in his direct appeal. The Tenth Circuit found that the different versions of how the videotape was discovered which Inspector Thigpen had told did not raise a contested issue of fact going to the validity of the search. *Childers*, 117 Fed. Appx. at 637.

"Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Because there has been no intervening change in the law, the Court finds that Childers may not raise this ground in the instant § 2255 motion.

   C. Evidentiary Hearing

As set forth above, Childers' motion does not set forth a basis for relief from his sentences or convictions. Because that conclusion is conclusively shown from the record and from the nature of Childers' claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Childers' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody as to Case No. CR-02-110-M [docket no. 69] and DISMISSES Childers' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody as to Case No. CR-02-165-M [docket no. 36].

**IT IS SO ORDERED this 10th day of May, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE